STATE, Plaintiff-Appellee, v. DEANGELO, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3627. Decided September 29th, 1943

Charles Petree, Prosecutor, Municipal Court, Criminal Division, Columbus, for plaintiff-appellee.

Schwartz & Gurevitz, Columbus, for defendant-appellant.

## OPINION

By BARNES, P. J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

This action originated in the Municipal Court of Columbus, Franklin County, Ohio, and was a criminal action wherein the defendant-appellant was charged with assault and battery on one Edward F. Ellefson. The case came on for trial and the defendant was found guilty and thereafter sentenced to pay a fine of $200.00 and costs and imprisoned in the Workhouse of the City of Columbus for the term of six months.

The cause was appealed to the Court of Common Pleas where the judgment of the Municipal Court was affirmed and the cause remanded for execution of sentence. Within due time the case was appealed to our Court.

The notice of appeal from the Common Pleas Court is designated as an appeal on questions of law and fact. Of course, this is improper since appeals to our Court on law and fact are limited to chancery cases. We are quite sure that this designation was an inadvertence, since counsel have briefed the case as an error proceeding. Counsel for defendant-appellant sets out ten separately stated and numbered assignments of error. Several of the assignments are not referred to in appellant's brief. We think that the errors complained of might properly be embraced under the claim that the judgment is against the weight of the evidence and contrary to law.

We have read the bill of exceptions in its entirety and also have carefully examined the briefs. We have no difficulty in determining that under defendant's own testimony he is guilty of assault and battery. The only question which gives us any concern is the sentence, which seems rather severe considering the nature of the fight between the defendant and the prosecuting witness.

However, this is a matter within the discretion of the trial court, and coupled with the further fact that the Common Pleas Court has affirmed, we do not feel that it is within our province to disturb.

The judgment of the Common Pleas Court and the Municipal Court will be affirmed and cause remanded for further proceedings according to law. Costs in our Court will be adjudged against the appellant.

HORNBECK and GEIGER, JJ., concur.